OPINION OF THE COURT — bv the
Hon. J. CHILD.
' The action in this case is assumpsit founded on a promisory note. PleaS non assumpsit and a special plea to the consideration of the note — The «ingle question propounded for the determination of the court, is contain-* *232 ed in ihe bill of exceptions taken to the opinion of the judge who presided-at the trial, in the circuit court of Lawrence county.
The case comes before us on an appeal from the foregoing decision. It is suggested by the counsel for the appellant, that by the statute of doub-ble pleading, Rev. Code, p. 18, Sec. 49; defendant is allowed to plead as many several matters as he may think necessary to his defence, and that therefore this special plea is legitimate, notwithstanding it amounts to the general issue, and the matters set forth in it might be given in evi dence under the plea of non assumpsit.
The construction which statutes of double pleading similar to the law of this state on the same Subject have received by the courts in other countries, I think presents the safest rule by which we can be guided upon the same questions. Both in England and (he United States, where such statutes have been enacted for the furtherance and promotion of the administration of public justice, the courts have uniformly determined, that the license extends no further than to the admission of legal pleas, which by the strict or logical rules of the common law were considered incompatible and inconsistent, such as not guilty and justification in the action of slander, non assumpsit and payment in asumpsit, and not guilty, with son assault de mense, in trespass, and even here, I believe they have never gone so far as to authorise pleas in bar and abatement to be joined, non assumpsit, and a tender in the same action, although they are legitimate pleas, and may be w'ell'pleaded in form and substance. One rule of evidence laid down in 3d, B. C. is, that when the best evidence which the nature of the case admits of cannot be produced, the next best testimony is admissible. But we have only to cast our eye to the margin or bottom of the page, to discover in a note of Mr. Christian, that the text of the author must be taken to mean the next best legal evidence. So statutes of double pleading, however defective the phraseology may be, mustnot be so interpreted as to extend the licence beyond the rules of ■strict legal pleading — a different construction would open the door to great inconvenience, and place it in the power of an ignorant party, or a captious pleader, to encumber the record .with useless matter, and delay the trial of causes on the merits. As the special plea in this case amounts to $he general issue, I think it would have been compotent for the court be *233 low, under the act of the legislature R. C. Sec. 7; directing the courts to amend the pleadings, with a view to trial on the merits, to have considered this plea a nullity, like a frivolous demurrer, and erased it from the proceedings while in paper, and directed the trial to progress upon the general issue, and this perhaps would have been the most proper course to have adopted. This, however, was not done, and it is therefore insisted, that as the plaintiff had joined issue upon this plea, he was not entitled to recover, without proof of consideration beyond the evidence of the note upon which the action was founded, after the contract had been read in evidence to the jury. When learned counsel and able advocates urge upon the attention of the court, the consideration of legal points, and that, too, with some gravity and apparent seriousness, mutual respect requires that they should be treated in the same way by the bench, although no authorities are adduced in favor of the positions. By the laws of this state, R. C. p. 464, s. 9, promissory notes are made negotiable, and it is expressly laid down in 2. P. E. p. 7, where many authorities are cited to the same point, that in an action on a promissory note, within the statute, whether the action be between the original parties, or by an endorsee against any of the antecedent parties, it is not necessary to aver or prove a considerg ation — the instrument itself being prima facie evidence of consideration, subject, however, in certain cases, to be repelled by the defendant, and that the words, value received, are immaterial. I know of no rule in special pleading, by which a party can be required to prove more than is necessary to aver. It is said, however, at the bar, that the plaintiff be. Jowj by his replication to this plea, has, assumed the affirmative of the issue, and the “ onus probandi,” the burthen of the proof, therefore, devolves upon him. Admitted, — suppose the declaration had contained an averment of consideration, it would in that case have been sufficient for the plaintiff to have produced his note, or the averment might have been surplussage merely. I know no principle of law that requires stronger testimony to establish an averment in a replication, than to support the same averment in a declaration. The whole argument at the bar on the part of the appellant amounts to this. That because he has drawn an averment from the appellee by skill in the science of special pleading, he is, therefore, required to produce stronger proofs to establish an ávermení, *234 m a replication than the law requires to prove an averment in a declaration. Such a conclusion would be an illegal deduction, and I think the production of the note^ amply sufficient in either case, and that the party has placed himself in no more favorable posture, to make the requisition of additional proofs upon the appellee, by pleading this matter specially, than he would have on the general issue.
Judge Black concurring.